Scott H. Frewing, State Bar No. 191311
Andrew P. Crousore, State Bar No. 202195
Elizabeth Chien, State Bar No. 240747
**Baker & McKenzie LLP**
660 Hansen Way
Palo Alto, CA 94304-1044
scott.h.frewing@bakernet.com
andrew.p.crousore@bakernet.com
elizabeth.chien@bakernet.com

Tel. +1 650 856 2400
Fax +1 650 856 9299

Attorneys for Defendant
Simon Yuan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.  CR 07 00338 JF** |
| Plaintiff, | |
| v. | **DEFENDANT SIMON YUAN'S SENTENCING MEMORANDUM** |
| SIMON YUAN, | |
| Defendant. | |

<u>SENTENCING MEMORANDUM</u>

Defendant Simon Yuan submits this Sentencing Memorandum, with accompanying declarations, setting forth factors that the Court should consider in determining the type and length of sentence that is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).  Mr. Yuan requests the Court impose a sentence no greater than 12 months of home confinement, a sentence that is consistent with the United States Sentencing Guidelines, is consistent with the mandate of 18 U.S.C. § 3553(a), and will adequately reflect the seriousness of the offense.

I.    **OVERVIEW OF ARGUMENT**

Mr. Yuan respectfully submits the following four factors should guide the court in imposing a sentence:

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304-1044
+1 650 856 2400

1

Case No CR 07 00338  JF
Defendant Simon Yuan's Sentencing Memo

1) Before being charged by the government, Mr. Yuan took extraordinary steps to pay taxes owed by Hunan Garden Restaurant by voluntarily paying $60,209.00, $56,098.00, and $21,037.00 in wage-related taxes for calendar years 2003, 2004, and 2005, respectively. Frewing Decl. ¶ 3, Exh. A. Although Mr. Yuan took this step after becoming aware of the government's investigation, Mr. Yuan ensured these voluntary payments included taxes owed by employees of the restaurant, and not merely the amounts originally owed by Hunan Garden Restaurant itself. Mr. Yuan is prepared to make a similar payment for calendar year 2002, but he has waited to do so because in repeated conversations with the government, the government has declined to credit Mr. Yuan for the expenses of the wages upon which these taxes were paid. Although the government disputes the size of the Hunan Garden Restaurant cash payroll – arguing that less of the unreported corporate income was used to pay wages – if the Court finds that the government's facts are correct (i.e. Hunan Garden Restaurant paid less in cash wages) the government will owe Hunan Garden Restaurant a <u>refund</u> for much of these extra payroll taxes. The government has failed to recognize that Hunan Garden Restaurant has paid, and will pay more taxes as a result of Mr. Yuan's efforts to correct the restaurant's taxes than under the U.S. Attorney's Office's calculations.

2) Sentencing Mr. Yuan to confinement will almost certainly require Mr. Yuan to close Hunan Garden Restaurant and thus cause fourteen full-time employees, and several part-time employees, to become unemployed. Yang Decl. ¶ 6; Lock Decl. ¶ 6. Imposing such a result upon the employees of Hunan Garden Restaurant is unnecessary and will cost the government more in lost taxes as a result of the lost wages.

3) According to the United States Sentencing Commission Statistics for FY 2006, fewer than 40% of tax offenders in the Ninth Circuit were sentenced to prison, and as a result a prison sentence for Mr. Yuan would be disproportionate to sentences imposed upon similarly situated defendants. <u>See</u> United States Sentencing Commission Statistics by for the Ninth Circuit (available at http://www.ussc.gov/JUDPACK/2006/9c06.pdf). Indeed, 28.3% of tax offenders in the Ninth Circuit received sentences of probation, and 16.7% of defendants received sentences that combined probation and confinement other than prison

2

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304-104
+1 650 856 2400

PALDMS/350260.2A

Case No CR 07 00338  JF
Defendant Simon Yuan's Sentencing Memo

(i.e. either community confinement or home detention), demonstrating that 45% of all tax defendants in the Ninth Circuit do not receive sentences including any imprisonment. Id. To impose a prison sentence in this case, where Mr. Yuan has cooperated with the government investigation, voluntarily paid back taxes prior to being charged, voluntarily entered a plea, and was responsible for a relatively modest tax loss, would be an injustice and would discourage the very sort of cooperation sought by the government.

4) The corporate income tax that Mr. Yuan admits he underreported was in essence a voluntary tax for the unwary. Mr. Yuan had been ill-advised by his accountant to operate Hunan Garden Restaurant as a "C Corporation," which required the restaurant to pay taxes upon its income. Properly advised by new advisors, Mr. Yuan and his business partner have caused Hunan Garden Restaurant to become a "S Corporation" removing the double-level taxation that Mr. Yuan has admitted he underreported.[1]

## II. FACTUAL BACKGROUND

### A. Mr. Yuan's Professional, Educational, and Personal Background

Mr. Yuan was born in Taipei, Taiwan in 1958. In 1974, at the age of 16, Mr. Yuan immigrated to the United States with his family. Although Mr. Yuan arrived in the United States not speaking any English, Mr. Yuan completed his high school education at Galileo High School in San Francisco. PSR ¶ 50.

Mr. Yuan is a dedicated family man. Mr. Yuan lives with, and supports his wife, his two children, and one grandchild. PSR ¶ 45. In addition, Mr. Yuan is close to his sister and two brothers, all of whom reside in the Bay Area. PSR ¶ 42.

Mr. Yuan has no prior criminal history. PSR ¶ 40.

### B. Hunan Garden Restaurant

The only businesses Mr. Yuan has ever known, or worked in, are Chinese restaurants. At the age of 16, Mr. Yuan began working in restaurants owned by family members and friends. PSR ¶¶

---

[1] A taxpayer may elect to treat his small business corporation, defined in part as a corporation having not more than 100 shareholders, as an "S Corporation" under section 1362(a) of the Internal Revenue Code, after which the items of income will pass-thru to the corporation's shareholders. I.R.C. §§ 1362(a), 1366(a).

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304-104
+1 650 856 2400

PALDMS/350260.2A

Case No CR 07 00338 JF
Defendant Simon Yuan's Sentencing Memo

1  51, 52.  After years of waiting tables and cooking in various Chinese restaurants, Mr. Yuan founded

2  Hunan Garden Restaurant in 1997.  PSR ¶ 51.  Since opening the restaurant 10 years ago, Mr. Yuan

3  has worked at the restaurant constantly, rarely taking a single day off throughout the year.  See Yang

4  Decl. ¶ 4;  Lock Decl. ¶ 3.  Mr. Yuan has no formal education beyond high school, and he has never

5  had any training in accounting or finance.

6  　　　　Hunan Garden Restaurant employs 14 individuals full-time as cooks, waiters, and busboys.

7  Many of these employees have worked at Hunan Garden Restaurant since its inception in 1997, and

8  they are dependent upon these jobs to support their families.

9  　　　　Mr. Yuan is the lifeblood of Hunan Garden Restaurant.  See May Decl. ¶¶ 5, 6;  Lock Decl. ¶

10  6.  Not only has Mr. Yuan worked almost every day in the restaurant since he opened it, many of Mr.

11  Yuan's customers have a personal relationship with him, and these relationships are a key factor in

12  customers' patronage of the restaurant.  Id.

13  **C.    Kitchen Wages Paid by Hunan Garden Restaurant**

14  　　　　Prior to June 2005, Hunan Garden Restaurant paid the wages of its kitchen workers (not its

15  waiters or hostesses) by both check and cash.  Hunan Garden Restaurant paid half of the wages by

16  check and it paid half of the wages from the (unreported) cash earned by the restaurant.  PSR ¶ 12.[2]

17  This practice is widespread throughout the Chinese restaurant industry, and as a result it is a practice

18  that Mr. Yuan has observed since he was 16 years old.  May Decl. ¶ 8.  While Mr. Yuan understood

19  that not reporting all of Hunan Garden Restaurant's receipts was improper, he did not understand,

20  and the government properly has never accused Mr. Yuan of understanding, that the use of the cash

21  to pay wages, without reporting the payment of that cash, was improper.

22  **D.    Mr. Yuan's Efforts to Correct Past Taxes and Cooperate with the IRS**

23  　　　　In June 2005, following the service of search warrants at his home and at Hunan Garden

24  Restaurant, Mr. Yuan took steps to cooperate with the government's investigation and to address tax

25  compliance issues.  Rather than covering up illegal conduct or frustrating the government's

26

27  [2] The PSR incorrectly states the roles of Mr. Yuan and his wife in the operation of the restaurant.
28  Mr. and Mrs. Yuan were not kitchen employees whose wages were paid in cash.  Mrs. Yuan worked as a hostess and bookkeeper.  Mr. Yuan worked as a waiter.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304-1044
+1 650 856 2400

PALDMS/350260.2A

Case No CR 07 00338  JF
Defendant Simon Yuan's Sentencing Memo

1    investigation, counsel for Mr. Yuan met with the IRS investigators on three occasions prior to the

2    government charging Mr. Yuan – in July 2005, February 2006, and July 2006 – and sought to

3    provide information to the government, to have a dialogue regarding the government's investigation,

4    and to enter into an appropriate plea agreement. Counsel for Mr. Yuan also met with the U.S.

5    Attorney's Office prior to the government charging Mr. Yuan.

6        As part of his efforts to remedy past tax compliance issues, Mr. Yuan caused Hunan Garden

7    Restaurant to evaluate and amend certain of its past tax filings. PSR ¶ 21. Specifically, in July

8    2006, Hunan Garden Restaurant reported additional payroll taxes of $60,209.00, $56,098.00 and

9    $21,037.00, for calendar years 2003, 2004, and 2005, respectively. Frewing Decl. ¶ 3. Hunan

10   Garden Restaurant determined that these were taxes owed for amounts not withheld or paid with

11   respect to certain employees. Mr. Yuan, through Hunan Garden Restaurant, subsequently paid these

12   amounts and more than $25,000.00 in interest upon these amounts for calendar years 2003, 2004,

13   and 2005. Importantly, these amounts included not only the amounts that Hunan Garden Restaurant

14   was required to originally pay, but also the amounts that the employees themselves should have

15   paid.[3] In total, Mr. Yuan caused Hunan Garden Restaurant to pay more than $160,000.00 in back

16   taxes and interest, without any urging from the government.

17        Hunan Garden Restaurant paid these additional payroll taxes based upon its determination

18   that it had paid additional wages of $169,266 and $153,832 in fiscal years 2003 and 2004.[4] Hunan

19   Garden Restaurant determined these amounts by reference to the amounts paid to kitchen employees

20   paid during these years. Consistent with its practice of paying half the kitchen workers' wages in

21

22   [3]  Section 3402(a) of the Internal Revenue Code requires employers to deduct and withhold income
     tax from an employee's wages when paid. 26 U.S.C. § 3402(a). The employer is liable for the
23   payment of the tax required to be deducted pursuant to section 3403. Although Hunan Garden
     Restaurant was thus liable for the employee's share of FICA taxes and for Federal income tax
24   withholding ("FITW") pursuant to "secondary liability," Mr. Yuan took voluntary steps to pay these
     amounts without any request or contact from the IRS regarding these amounts. See Frewing Decl. ¶
25   3.

26   [4] Pursuant to IRS regulations, Hunan Garden Restaurant withholds and pays payroll taxes on a
     calendar year, while until recently its fiscal year, and thus its corporate income tax year, ended on
27   September 30. As a result, the calendar year payroll amounts must be reconciled quarter-by-quarter
     with the September 30 fiscal year. The figures used in this Sentencing Memorandum are described
28   as either

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304-1044
+1 650 856 2400

PALDMS/350260.2A

5

Case No CR 07 00338  JF
Defendant Simon Yuan's Sentencing Memo

1  cash, in its amended filings, Hunan Garden Restaurant reported as wages twice the original amounts
2  that Hunan Garden Restaurant employees recalled each employee having been paid.

3  **III.    DETERMINATION OF THE PROPER SENTENCE**

4      **A.    The Advisory Guideline Calculation Yields a Total Offense Level of 10**

5          Although the United States Sentencing Guidelines are advisory ("Sentencing Guidelines" or
6  "U.S.S.G."), they remain a factor to be considered in imposing a sentence.  See Kimbrough v.
7  United States, No. 06-6330, slip. op (U.S.  Dec. 7, 2007), available at http://www.supremecourtus.
8  gov/opinions/07pdf/06-6330.pdf;  United States v. Booker, 542 U.S. 296 (2004).

9          Mr. Yuan contests only one component of the government's guideline calculation.
10  Specifically, the government's calculation (which is reflected in the PSR) understates the payroll
11  taxes paid or accrued by Hunan Garden restaurant for the tax years ending September 30, 2002,
12  September 30, 2003, and September 30, 2004.  The chart below summarizes the government's loss
13  calculation and identifies the disputed wage figures in **BOLD**:

| **Gov't Summary of Unreported Income** | **FY 2002** | **FY2003** | **FY2004** |
|---|---|---|---|
| Gross Receipts Per Return (Gov't) | $959,217 | $853,366 | $867,867 |
| Unreported Gross Receipts (Gov't) | $285,283 | $251,080 | $220,694 |
| **Unreported Salary and Wages (Gov't)** | **($64,280)** | **($72,045)** | **($79,618)** |
| Unreported Corporate Net Income (Gov't) | 220,973 | 179,035 | 141,076 |
| Taxable Income per Returns (Gov't) | ($4013) | ($86,140) | ($55,363) |
| Corrected Taxable Income (Gov't) | $216,860 | $92,795 | $85,678 |
| Corrected Tax (Gov't) | $57,490 | $12,290 | $9,659 |
| Total Tax Loss for 3 Years(Gov't) | $79,439 | | |

The following chart repeats the government's calculation but inserts corrected wage figures and
shows the impact upon the government's calculation and the resulting reduced tax loss:

///

///

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304-1044
+1 650 856 2400

PALDMS/350260.2A

Case No CR 07 00338  JF
Defendant Simon Yuan's Sentencing Memo

| Gov't Summary of Unreported Income with Defense Wage Amounts | FY2002 | FY2003 | FY2004 |
|---|---|---|---|
| Gross Receipts Per Return (Gov't) | $959,217 | $853,366 | $867,867 |
| Unreported Gross Receipts (Gov't) | $285,283 | $251,080 | $220,694 |
| **Unreported Salary and Wages (Defense)** | **($176,979)[5]** | **($169,226)** | **($153,832)** |
| Unreported Corporate Net Income | $108,276 | $81,854 | $66,682 |
| Taxable Income per Returns | ($4,013) | ($86,140) | ($55,363) |
| Corrected Taxable Income | $104,263 | ($4,286) | $11,499 |
| Corrected Tax[6] | $23,699 | 0 | $1,725 |
| **Total Tax Loss for 3 Years** | **$25,424** | | |

Pursuant to U.S.S.G. § 2T4.1, the offense level for a tax loss greater than $12,500 but less than $30,000 is offense level 12. Subtracting two points for acceptance of responsibility under U.S.S.G. § 3E1.1 yields a Total Offense Level of 10. The guideline range for a Total Offense Level of 10 and a Criminal History Category of I is 6-12 months and is in Zone B of the Sentencing Table. Pursuant to U.S.S.G. § 5B1.1, a term of probation may be imposed if community confinement or home detention is imposed. Here, an appropriate sentence is 12 months of home confinement, which will permit Hunan Garden Restaurant to continue operating and employing its longstanding employees.

**B.    The Factors in Section 3553(a) Militate in Favor of a Sentence of 12 Months Home Confinement**

The primary directive in Section 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the following purposes:

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide

---

[5] Like the figures for fiscal years 2003 and 2004, the $176,679 figure was calculated using the wages paid to kitchen employees that Hunan Garden Restaurant recalls being employed during fiscal year 2002. Hunan Garden Restaurant has not yet paid the payroll taxes associated with the $176,679 figure, but such wages are an accrued expense that reduces income, whether or not related payroll taxes were withheld. Further, Mr. Yuan will pay those taxes on behalf of Hunan Garden Restaurant

[6] The applicable corporate income tax rates were 15% for amounts up to $50,000, 25% for amounts from $50,001 to $75,000, and 34% for amounts in excess of $75,000. See 26 U.S.C. § 11(b).

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304-1044
+1 650 856 2400

PALDMS/350260.2A

7

Case No CR 07 00338 JF
Defendant Simon Yuan's Sentencing Memo

1    just punishment for the offense;

2    (B)    to afford adequate deterrence to criminal conduct;

3    (C)    to protect the public from further crimes of the defendant; and

4    (D)    to provide the defendant with needed educational or vocational training, medical care,

5           or other correctional treatment in the most effective manner.

6    18 U.S.C. § 3553(a)(2).

7    In determining the minimally sufficient sentence, section 3553(a) further directs sentencing

8    courts to consider the following factors:

9    1)    the nature and circumstances of the offense and the history and characteristics of the

10          defendant ( 18 U.S.C. § 3553(a)(1));

11   2)    the kinds of sentences available (18 U.S.C. § 3553(a)(3));

12   3)    the need to avoid unwarranted sentence disparities among defendants with similar

13          records who have been found guilty of similar conduct (18 U.S.C. § 3553(a)(6)); and

14   4)    the need to provide restitution to any victims of the offense.  (18 U.S.C. §

15          3553(a)(7)).

16   These factors support a sentence of 12 months of home confinement for Mr. Yuan.  First, the

17   nature of the offense and Mr. Yuan's personal characteristics demonstrate that 12 months of home

18   confinement is sufficient to reflect the seriousness of the offense, particularly for a first-time

19   offender with no criminal history.  Mr. Yuan acknowledges the seriousness of his offense, and he

20   seeks to make amends by fully repaying the government.  He has also already experienced a

21   significant economic penalty by relinquishing a 49% interest in the restaurant (PSR ¶ 51; Yang Decl.

22   ¶ 1), to obtain funds that were used in substantial part to pay past payroll taxes.

23   Second, there is no evidence that Mr. Yuan will offend again or that the public otherwise

24   needs protection from Mr. Yuan.  Indeed, Mr. Yuan and his new partner, Ms. Yang, are acutely

25   aware of the costs of tax evasion, and they have taken steps to ensure that Hunan Garden Restaurant

26   complies with the law, including retaining a new accountant and retaining a corporate lawyer to

27   update the corporation's bylaws and properly document Ms. Yang's investment.

28   Third, a sentence that included a prison term would impose a sentence that would be

8

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304-1044
+1 650 856 2400

PALDMS/350260.2A

Case No CR 07 00338  JF
Defendant Simon Yuan's Sentencing Memo

1 disparate from other similarly-situated tax defendants in the Ninth Circuit. Tax defendants with

2 similar records who have been found guilty of similar offenses do not receive jail sentences in the

3 Ninth Circuit. Specifically, fewer than 40% of tax offenders in the Ninth Circuit were sentenced to

4 prison. See United States Sentencing Commission Statistics by for the Ninth Circuit (available at

5 http://www.ussc.gov/JUDPACK/2006/9c06.pdf). Indeed, 28.3% of tax offenders in the Ninth

6 Circuit received sentences of probation, and 16.7% of defendants received sentences that combined

7 probation and confinement other than prison (i.e., either community confinement or home

8 detention), demonstrating that 55% of all tax defendants in the Ninth Circuit receive sentences

9 without any imprisonment. Id.

10      Fourth, a sentence of 12 months of home confinement will permit Mr. Yuan to make

11 complete restitution to the government. In contrast, if Mr. Yuan is incarcerated, he and his family

12 will likely lose their entire income stream which comes from Hunan Garden Restaurant.

13 **IV.    ADDITIONAL FACTORS WEIGH IN FAVOR OF A SENTENCE OF HOME CONFINEMENT**

14

15     **A.    The Court Should Consider the Impact of a Sentence Greater Than 12 Months Upon Hunan Garden Employees**

16      In addition to the factors above, it is proper for the Court to consider the impact a period of

17 incarceration would have upon third parties. Under 18 U.S.C. § 3661, no limitation shall be placed

18 on the information concerning the background, character, and conduct of [the defendant] which a

19 court of the United States may receive and consider for the purpose of imposing an appropriate

20 sentence (emphasis added). This statutory language overrides the (now-advisory) policy statements

21 in Part H of the Sentencing Guidelines, which list as not ordinarily relevant to sentencing a variety of

22 factors. See U.S.S.G. § 5H1.

23      In United States v. Milikowsky, 65 F.3d 4 (2d Cir. 1995), the Second Circuit affirmed the

24 district court's downward departure for an antitrust offender "to reduce the destructive effect that

25 incarceration of a defendant may have on innocent third parties," in particular, on the defendant's

26 employees. Milikowsky, 65 F.3d at 7. The defendant in Milikowsky was convicted under the

27 Sherman Act for price fixing, which resulted in a Guidelines' sentence of eight to fourteen months

28 imprisonment. Id. at 6. The district court departed downward, however, to avoid imposing a prison

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304-104
+1 650 856 2400

PALDMS/350260.2A

Case No CR 07 00338  JF
Defendant Simon Yuan's Sentencing Memo

1  sentence, sentencing the defendant instead to two years probation, conditioned on a period of six

2  months home confinement and 150 hours of community service, and a monetary fine.  Id. at 4.

3          The Second Circuit affirmed the downward departure in Milikowsky, noting the defendant's

4  indispensability to the businesses and the resulting harm that would be visited upon the employees if

5  the defendant were imprisoned.  Milikowsky, 65 F.3d at 8.  In particular, the court highlighted the

6  following facts in support of its decision, all showing the defendant's indispensability to the

7  business:  (1) defendant was "the only individual with the skill, knowledge, experience and

8  relationships" to run the businesses; (2) defendant was "the only person with the requisite ability and

9  contacts to buy goods and competitive rates;" and (3) defendant was the person who dealt with the

10  businesses' customers and suppliers.  The same factors support downward departure in this case.  No

11  other individual has Mr. Yuan's unique skill, knowledge, experience and relationships gained from

12  working almost every day for the past ten years that are necessary for Hunan Garden Restaurant's

13  continued viability.  See Yang Decl. ¶¶ 5-6.  Moreover, through his dedication to Hunan Garden

14  Restaurant and its employees, Mr. Yuan has cultivated critical and personal relationships with

15  customers and suppliers alike.  See Yang Decl. ¶¶ 5-6.  Accordingly, without Mr. Yuan, Hunan

16  Garden, which operates on incredible low profit margins of around 7%,[7] will almost certainly fail,

17  causing the same tremendous hardship to its employees that justified downward departure in

18  Milikowsky.

19          **B.      A Term of Imprisonment Should Not be Imposed**

20          Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following

21  limitation:  "in determining whether and to what extent imprisonment is appropriate based on the

22  Section 3553(a) factors, the judge is required to recogniz[e] that imprisonment is not an appropriate

23  means of promoting correction and rehabilitation." 18 U.S.C. § 3582  (emphasis added).  Here,

24  imprisonment does not offer rehabilitation and instead offers potential financial ruin for Mr. Yuan's

25  family and the employees at Hunan Garden Restaurant.  Rehabilitation is much more likely to be

26  achieved with home confinement, perhaps with an order requiring community service, to allow Mr.

27
28

[7] Based upon three-year average for FY2002 through FY2004 using the government's figures, except the disputed wage figures.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304-1044
+1 650 856 2400

Case No CR 07 00338  JF
Defendant Simon Yuan's Sentencing Memo

PALDMS/350260.2A

Yuan to continue to employ people and serve his customers.

**V.    IF THE COURT ADOPTS THE GOVERNMENT'S POSITION REGARDING HUNAN GARDEN PAYROLL AMOUNTS, THE COURT SHOULD REDUCE MR. YUAN'S RESTITUTION BY A PROPORTIONATE AMOUNT OF THE PAYROLL TAXES HE PAID**

Hunan Garden Restaurant has paid taxes to the government upon payroll amounts of $169,266 and $153,832 in fiscal years 2003 and 2004, respectively.  If the Court adopts the government's position that Hunan Garden Restaurant did not incur these wage expenses, however, Hunan Garden Restaurant will have overpaid its payroll taxes.  Specifically, the table below shows a calculation of the amount of taxes on wages paid by Hunan Garden Restaurant paid that the government asserts did not need to be paid:

|   |   | FY 2003 | FY 2004 |
|---|---|---|---|
| 1 | Add'l Wages Upon Which Hunan Garden Paid Taxes | $169,266 | $153,832 |
| 2 | Add'l Wages Credited by Gov't Loss Calculation | $72,045 | $79,618 |
| 3 | Percentage of Gov't Add'l Wages / Add'l Wages (Row 2/ Row 1) | 42.56% | 51.76% |
| 4 | Taxes Paid for Corresponding Calendar Year[8] | $60,209 | $56,098 |
| 5 | Taxes Paid Upon Wages Contested by the Government | **$25,626** | **$29,034** |

As shown immediately above, if the Court adopts the government's position that Hunan Garden Restaurant did not actually incur the amount of additional wages asserted by the defense, Hunan Garden Restaurant overpaid its payroll taxes by approximately $25,626 and $29,034 for 2003 and 2004, respectively.  To avoid injustice, in ordering any restitution the Court should credit Mr.

---

[8] As explained above at note 3, the calendar year payroll taxes must be reconciled to the restaurant's fiscal year.

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304-1044
+1 650 856 2400

PALDMS/350260.2A

1   Yuan for these amounts the government claims were overpaid.  Hence, if the Court adopts the

2   government's loss figure of $79,439, the Court should only order $24,777 in restitution [$79,439 –

3   ($25,626+$29,034)].

4

5   **VI.     CONCLUSION**

6          For the foregoing reasons, Mr. Yuan respectfully requests that the Court impose a sentence

7   not greater than 12 months of home confinement.

8   Dated:  January 2, 2008                           Respectfully submitted,

9                                                     BAKER & McKENZIE LLP

10

11                                              By:   /s/
                                                     _____
12                                                    Scott H. Frewing
                                                      Andrew P. Crousore
13                                                    Elizabeth Chien
                                                      Attorneys for Defendant Simon Yuan
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
660 Hansen Way
Palo Alto, CA 94304-104
+1 650 856 2400

PALDMS/350260.2A

Case No CR 07 00338  JF
Defendant Simon Yuan's Sentencing Memo