JOSEPH RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone: (415) 436-7000

Attorneys for the United States of America

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                     )<br>            Plaintiff,               )<br>                                     )<br>      v.                             )<br>                                     )<br> SIMON S. YUAN,                      )<br>                                     )<br>            Defendant.               )<br> _____) | NO. CR-07-0338-JF<br><br><br>UNITED STATES' SENTENCING<br>MEMORANDUM |

**SENTENCING MEMORANDUM**

**INTRODUCTION**

The Presentence Investigation Report (PIR) computes the total offense level to be 12, with a Criminal History Category of I and recommends a split-sentence of five months incarceration, followed by a one-year term of supervised release, including a five-month term of home detention, with electronic monitoring.  Defendant contends that he should be sentenced to 12 months of home confinement as set forth in its Sentencing Memorandum.  The government agrees with the conclusion reached in the PIR.

**THE TAX LOSS IS $79,439**

It is undisputed that the tax returns of Hunan Garden Restaurant (HGR) failed to report $625,000 in gross receipts.  Plea Agreement, p. 2, paragraph 7.  From those unreported gross receipts, Defendant claims he paid cash wages to kitchen employees thereby entitling him to a

US v. Yuan, US, Case
No. CR-07-0338-JF
US Sentencing Memo

reduced figure for unreported gross receipts.  Defendant claims he paid cash wages of $500,037 during the relevant tax years.  Defendant's Sentencing Memorandum, p. 7, line 4.  Pursuant to that calculation, the unreported gross receipts would be reduced to $124,963, and the tax loss would be $25,424. Defendant's Sentencing Memorandum, p. 7, line 9.  Defendant bases the numbers supporting these calculations upon the recollection of HGR.  Defendant's Sentencing Memorandum, p. 7, footnote 5.

The  government calculates that cash wages of $215,943 were paid during the relevant tax years, resulting in $409,057 in unreported gross receipts and a tax loss of $79,439. See Declaration of IRS Special Agent George Britton, page 4, paragraph 10.  Britton Declaration is submitted as Exhibit 1.  The United States based its calculations on interviews of two kitchen employees who were paid in cash during the relevant timeframe (Declaration of George Britton, pp. 1-2, paragraphs 3 and 4 and Exhibits 1A and 1B); Quickbook file maintained by HGR (Britton Declaration, p. 2, paragraph 6); and HGR's contention that three employees for whom they had no identifying records received cash wages (Britton Declaration, pp, 3-4, paragraph 8)

The PIR computes the tax loss for purposes of restitution based on the government's calculations.

The government bears the burden of proof by a preponderance of the evidence at sentencing to establish the amount of tax loss.  **United States v. Johansson**, 249 F.3d 848, 853 (9th Cir. 2001).   As shown above, the government relied on statements by HGR kitchen staff who were paid cash wages during the relevant time period; HGR Quickbook file; and uncorroborated statements by HGR of two additional employees, to compute the tax loss.  Defendant provides no credible evidence to dispute the government's computation.  Rather, the basis for the higher cash wage figures provided by the Defendant is based on HGR's recollection.

Moreover, Defendant's computation is questionable based on the Defendant's lifestyle.  Pursuant to Defendant's calculations, Defendant obtained $124,963 in unreported gross receipts over a three year period.  During that same timeframe, the Yuans reported $124,000 in wages in 2002 and $76,200 in 2003.  For 2004, the Yuans assert their Fifth Amendment privilege and did

US v. Yuan, US, Case
No. CR-07-0338-JF
US Sentencing Memo                2

1  not file a completed tax return According to these figures, the average of the Yuans annual
2  income during these years is $141,754.[1]
3  　　　　The annual income figures do not support the lifestyle uncovered by the IRS
4  investigation. Defendant had expenses including a child's tuition (Britton Declaration, p. 5, line
5  4); residential mortgage monthly payments between $4,745 to $6,843 [2] (Britton Declaration, p.
6  5, lines 11 - 13); frequent travels to Taipei, Taiwan, and Nanjin (Britton Declaration, p. 6, line 9-
7  11); $20,000 monthly to fund "Mahjong, Nordstroms and Neiman Marcus" (Britton p. 6, lines
8  11-14; p. 7, paragraph 16); car financing expenses of $1,200 per month. (Britton Declaration, p.
9  6, line 20-21). Additionally, the Yuans submitted a loan application at Washington Mutual Bank
10 in November 2003 listing monthly combined income of $19,000. Britton Declaration, page 5,
11 lines 25-25 and page 6, lines 1-3. The lifestyle of the Yuans during the relevant years suggests
12 that they used more of the unreported gross receipts to fund their lifestyle rather than pay kitchen
13 employees.

**FAILURE TO PAY EMPLOYMENT TAXES SHOULD BE
CONSIDERED AS RELEVANT CONDUCT**

15 　　　　Defendant also argues that he should be credited for filing Form 941 tax returns after
16 learning of the IRS criminal investigation. The government respectfully disagrees. Defendant
17 was charged with filing false returns - an *income tax* violation. In addition to that violation,
18 Defendant failed to pay employment taxes on the cash wages that were paid. The government
19 could have charged the Defendant with violations of 26 U.S.C. §7202 - willfully failing to
20 truthfully account for and pay over to the IRS federal income taxes and F.I.C.A taxes (Social
21 Security) from the taxable wages of HGR kitchen employees *in addition* to the false return
22 charges. The relevant conduct provisions of USSG §1B1.3(a)(2) is to be interpreted broadly so
23 as to include conduct not charged in the indictment. **United States v. Silkowski**, 32 F.3d 682,

---

26 　　[1]The government estimated the 2004 income as $1,100 by averaging the income reported
27 in 2002 and 2003.

28 　　[2]This figure does not include the business mortgage.

US v. Yuan, US, Case
No. CR-07-0338-JF
US Sentencing Memo                    3

688 (2d Cir. 1994). Accordingly, the Court could consider the fact that Defendant did not file tax returns or pay employment taxes until he was aware of the IRS criminal investigation as relevant conduct to be used in computing the tax loss. See USSG §1B1.3.

## IMPACT OF INCARCERATION ON HGR

Defendant contends that incarceration will have a detrimental effect on HGR and its employees. However, there is evidence to suggest that HGR may be able to operate in Defendant's absence, with the assistance of his family members and/or long time employees and/or co-owner May Yang. Defendant's family members are in the restaurant business. His wife has a working knowledge of HGR. Also, May Yang acquired a 49% interest in HGR in May 2006. May Yang has worked at HGR since 1998. See Defendant's Memo, p. 8, lines 20-22; Declaration of May Yang, p. 1, lines 23-24, submitted with Defendant's Sentencing Memorandum.

Also, Rong Kuang, who has worked at the HGR as of December 2005 has been a chef at HGR. See Kuang Memorandum of Interview, page 1, paragraph #3, Kuang Memorandum is submitted as Exhibit 1; see also William Locke Declaration, p. 1, lines 23-24. Locke Declaration was submitted with Defendant's Sentencing Memorandum. Additionally, Kuang stated that the hostess/waitress May Lnu has opened the restaurant in Defendant's absence. Kuang also stated that the employees know what to do in Defendant's absence. See Kuang Memorandum, p. 2, #6.

## DETERRENCE TO CRIMINAL CONDUCT

Defendant contends he is less culpable because paying cash wages from unreported income is a widespread practice throughout the Chinese restaurant industry. Defendant's Memo, p. 4, lines 14-18. In response, the government urges this Court to consider the time, effort and expense that the IRS endures in an effort to gain compliance with the tax laws. HGR maintained a separate set of books in an effort to thwart the investigative efforts of the IRS. The deterrence-to-society purpose of the criminal law is based upon the theory that the suffering of a criminal for a crime committed deters others from committing that same crime "lest they suffer the same unfortunate fate." **United States v. Carlston**, 562 F.Supp 181, 185 (D.C.Cal, 1983), citing

US v. Yuan, US, Case
No. CR-07-0338-JF
US Sentencing Memo         4

LaFave & Scott, §5, p. 23. If paying cash wages from unreported gross receipts is a widespread practice, then a reasonable sentence should include incarceration in this case since deterrence is important to maintain the integrity of our tax system which relies on honesty in self-assessment. See **U.S. v. Carlson**, supra., citing, Sentencing the Income Tax Violator, 26 F.R.D. 264 (1961).

**DEFENDANT SHOULD NOT BE CREDITED FOR PAYROLL TAXES PAID FOR PURPOSES OF RESTITUTION**

Defendant requests that the Court reduce the restitution figure for "overpaid" payroll taxes. The United States respectfully disagrees. The government's calculation is a "criminal tax due and owing" See Britton Declaration, p. 4, paragraph 10. Criminal tax figures are computed differently than civil tax figures. Criminal taxes are lower than civil tax computations. Accordingly, the civil tax computations for the unreported gross receipts is much higher than $79,439. Britton Declaration, p. 5, paragraph 10. Accordingly, it would be inaccurate to reduce the criminal income tax figure by alleged overpayments of civil payroll taxes.

**CONCLUSION**

For the reasons stated above, the United States respectfully requests that this Court impose a split-sentence of five months incarceration, followed by a one-year term of supervised release, including a five-month term of home detention, with electronic monitoring.

JOSEPH RUSSONIELLO
United States Attorney

Date: January 22, 2008         /s/ Cynthia Stier
                                CYNTHIA STIER
                                Assistant United States Attorney
                                Tax Division

US v. Yuan, US, Case
No. CR-07-0338-JF
US Sentencing Memo                5